Curia, per Butler, J.
The first ground of appeal is, that the Ordinary had no jurisdiction to order the sale of any portion of the land in controversy, as the joint tenancy was created by deed, and one of the original joint tenants is now living. It may be remarked that the surviving joint tenant or his vendee, was interested with others, who were plaintiffs in-partition, in the distributive share of the two tenants John Hill and E. M. Hill, who died intestate; and the question is now, had the Ordinary authority, under the Act of 1824, to make an order for the sale of these shares for the purpose of division among those interested; and thereby to vest the purchaser with title to the extent of the deceased tenants, and making him a tenant in common with the surviving tenant. If this proposition cannot be maintained, the plaintiff took nothing under his deed from the sheriff, and must not only fail in this action, but has no legal interest in the land. This depends upon the construction of the Act of the Legislature of 1824, giving power to 'the Ordinary to divide and sell real estate for partition. By this Act is is said “the Judges of the Court of Ordinary shall have full power and authority, upon the application of any person or persons interested therein, to make sale or division of the real estate of any person or persons, who may have died or who .shall hereafter die intestate or leaving a will.” Then 1st. Did not John and E. M. Hill die intestate, leaving real estate ? 2d.' Did not the Ordinary take jurisdiction upon the application of those interested therein ? 8d. Did he not order the sale upon the ground that, in his judgment, it could not well be divided ? It seems from the obvious meaning and intention of the Act, that he had authority to do so; and from his proceeding, it is apparent that he has done so ; giving the sheriff the right to sell at least two-thirds of the tract of land now in dispute. The defendant’s first ground cannot therefore be maintained.
*345 Tbe sheriff has undertaken to convey the entire tract of one hundred acres to the plaintiff, upon the assumption that he had full power to sell the same by order of the Ordinary. Supposing that the order was full enough to justify the construction put on it by the sheriff, it may very well be questioned whether the Ordinary had the right to sell the third held under the deed by the surviving tenant or his vendee. Without the vendee or tenant had given his express and written consent for the sale of the third, it is evident that the Ordinary had no authority to order it to be sold. It is sufficient to say that no such consent has been, or perhaps can be, proved. This question, however, becomes of no importance in this case, as the Court is of opinion that the order does not authorize the sheriff to sell more than John and E. M. Hill’s interest and estate in the land, to wit, two-thirds. The language of the order is, that the real estate of which John Hill, deceased, and Mobley Hill, deceased, were tenants in common, should be sold. Giving these words their technical meaning, without regard to what might be inferred to have been the intention of the Ordinary from the latter part of the order, which is by no means explicit, the conclusion of the Court cannot be disputed, and such is the construction to be put upon them; so that, properly speaking, the sheriff sold but two-thirds of the entire tract of land; and the deed to the plaintiff cannot be regarded as good for any more. From this, it would follow that Kerr is in (by his tenant) as tenant in common with the plaintiff, which would be a position fatal to this action, upon the familiar principle that one tenant in common cannot maintain an action against his -co-tenant; unless the co-tenant be guilty of an ouster. The only question which is, therefore, left open in this case is this, does the present defendant, Richard Hill, hold possession of the land as the tenant of Kerr, and if so, has he been guilty of such' an ouster as would subject him to the liability of this action ? If Hill is not the tenant of Kerr, he must be regarded as any other stranger in possession, answerable to ? any one tenant for a trespass; or if being a tenant he has been guilty of an actual ouster, he would be held liable to this action. If this state of facts does not exist, (and I doubt whether it does,) the plaintiff had as well take a nonsuit and go into equity for *346 a fair partition of tbe land. As tbe Court is unwilling to prejudge tbe question, a new trial is granted, sustaining, however, the principle of tbe defendant’s second ground of appeal.